IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RONALD FREDERICK DENSLOW, JR.,

                Plaintiff,

    v.                                 Civil Action No.
                                    6:16-CV-0974 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,[1]

                Defendant.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

PETER M. HOBAICA, LLC         B. BROOKS BENSON, ESQ.
2045 Genesee Street
Utica, NY 13501

FOR DEFENDANT:

HON. GRANT JAQUITH           DANIELLA M. CALENZO, ESQ.
Acting U.S. Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1]    Carolyn Colvin, the former Acting Commissioner of Security, who was the originally-named defendant, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions

for judgment on the pleadings.[2]  Oral argument was conducted in

connection with those motions on July 25, 2017, during a telephone

conference held on the record. At the close of argument, I issued a bench

decision in which, after applying the requisite deferential review standard, I

found that the Acting Commissioner's determination did not result from the

application of proper legal principles and is not supported by substantial

evidence, providing further detail regarding my reasoning and addressing

the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

reference, it is hereby

---

[2]    This matter, which is before me on consent of the parties pursuant to 28
U.S.C. § 636(c), has been treated in accordance with the procedures set forth in
General Order No. 18. Under that General Order once issue has been joined, an action
such as this is considered procedurally, as if cross-motions for judgment on the
pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.

ORDERED, as follows:

(1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

(2)    The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3)    The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____

David E. Peebles
U.S. Magistrate Judge

Dated:        July 27, 2017
              Syracuse, NY

3

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
RONALD FREDERICK DENSLOW, JR.,

                              Plaintiff,

vs.                              6:16-CV-974

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

-------------------------------------------x
```

Transcript of a **Decision** held during a

Digitally-Recorded Telephone Conference on July 25,

2017, at the James Hanley Federal Building, 100

South Clinton Street, Syracuse, New York, the

HONORABLE DAVID E. PEEBLES, United States Magistrate

Judge, Presiding.


A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      OFFICE OF PETER M. HOBAICA, LLC
                    Attorneys at Law
                    2045 Genesee Street
                    Utica, New York  13501
                      BY:  B. BROOKS BENSON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  DANIELLA M. CALENZO, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*(315) 234-8547*

1              (In Chambers, Counsel present by telephone.)

2              THE COURT:  All right.  This is an interesting

3    case.  I've reviewed very carefully the parties' submissions,

4    the record, in particular the many reports of Dr. Davis as

5    well as the other individuals that have examined plaintiff.

6              So I have before me a request for judicial review

7    of an adverse determination pursuant to 42 United States Code

8    Section 405(g).

9              The background is as follows:  The plaintiff was

10   born in February 1964, he is currently 53 years old.  At the

11   outset -- onset of his alleged disability he was 47 and he

12   was 50 years old at the time of the administrative hearing in

13   this matter.  He is 5 foot 9 inches in height and weighs

14   262 pounds.  He is right-hand dominant.  Plaintiff is

15   divorced and has two adult children.  He is a high school

16   graduate and he drives.  In the past, the plaintiff has

17   worked as a security guard.  There is some ambiguity as to

18   when but it looks like between 2002 and either 2012 or 2013.

19   At the end he was working as a part-time security guard.  He

20   has also worked as a mechanic and assembler and a wrecker

21   dismantling snowmobiles.  That was in 2006-2007.  He's worked

22   as a farmworker on his grandparents' farm prior to 2002.  He

23   also was a logging equipment mechanic from 2006-2007.

24              He has suffered from mental and cognitive concerns

25   since age 9 when he was struck on the head with a beer

1    bottle, he lost consciousness and saw stars.  He was

2    diagnosed as having a concussion.  He slipped on the ice

3    subsequently several times hitting his head.  He slipped on a

4    barn concrete floor and hit his head at age 22.  He had a

5    snowmobile accident suffering head, neck -- and neck trauma

6    and at age 35 he fell 19 feet off a ladder and was briefly

7    unconscious.

8         The plaintiff has obviously undergone significant

9    neuropsychological testing and assessments by Dr. Toby Davis.

10    Dr. Davis has issued reports from August 23, 2011 and

11    September 20, 2011 that are fairly similar, both assigned a

12    GAF score of 50.  They note significant deficits in several

13    areas and that he suffers from depression, anxiety, and

14    memory loss.  He was also subject of a report by Dr. Davis in

15    May of 2013 and as I indicated during oral argument, in that

16    report, it shows significant slippage and that when comparing

17    his global neuropsychological performance from 9/20/2011 to

18    5/30/2013, according to Dr. Davis, Mr. Denslow has slipped

19    from average to mildly impaired and he provides specifics at

20    pages 503 and 504 of the administrative transcript.  He

21    assigns a GAF score of 44 which is under the DSM-IV, of

22    course GAF has been eliminated in DSM-5.  Under DSM-IV, a GAF

23    score of 44 represents serious symptoms or any serious

24    impairment in social, occupational, or school functioning,

25    e.g., no friends, unable to keep a job, close paren.

4

1    Plaintiff was also examined by Dr. Sushma, S-u-s-h-m-a,

2    Manda, M-a-n-d-a, neurologist, and Dr. G-l-a-d-y, Jacob, a

3    memory specialist.  He has also seen regular care providers

4    at Slocum Dixon.

5           Physically the plaintiff has been diagnosed with

6    obesity.  He also suffers from asthma, headaches,

7    hypertension, status post shoulder surgery, low back

8    arthritis, foot and leg issues, and he sees primarily a

9    physician's assistant Andrew Milone, M-i-l-o-n-e, in

10   Boonville, New York, and I also missed post-concussion

11   syndrome and sleep apnea.

12          As daily activities, he socializes with friends,

13   fishes, watches NASCAR, attends stock car races, cuts the

14   lawn, maintains his house with minor repairs, cooks, does

15   laundry, shops, some child care, and goes to church.

16          Procedurally, plaintiff applied for Disability

17   Insurance or Title II benefits on August 25, 2011, alleging

18   an onset date of August 2, 2010.  At his first hearing, he

19   did not appear and his case was dismissed.  The Social

20   Security Administration Appeals Council remanded the matter

21   for a new hearing on September 10, 2013.  A hearing was

22   conducted on February 24, 2014 by Administrative Law Judge F.

23   Patrick Flanagan.  Judge Flanagan issued his decision on

24   July 25, 2014, and it was adverse, he found that plaintiff

25   was not disabled at the relevant times and therefore

1     ineligible for the requested benefits.  The Social Security

2     Administration Appeals Council denied plaintiff's request for

3     review of that determination on November 27, 2015, making the

4     administrative law judge's opinion a final determination of

5     the agency.

6          In his decision, ALJ Flanagan applied the

7     well-known five-step sequential test for determining

8     disability, finding at step one that plaintiff was not

9     engaged in substantial gainful activity since his alleged

10    onset date even though he was employed on a part-time basis

11    as a security guard.  He did find that significant in showing

12    the absence of any physical limitations.

13          At step two, plaintiff's depression was diagnosed

14    or found to be severe.  The other physical conditions alleged

15    were rejected principally upon the consultative -- on the

16    basis of the consultative report of Dr. Ganesh.

17          At step three, the administrative law judge found

18    that plaintiff cannot meet or medically equal any of the

19    listed presumptively disabling conditions and he considered

20    12.02 which relates to organic mental disorders, 12.06 which

21    relates to anxiety-related disorders, but he considered

22    12.04, I'm sorry, and he found that plaintiff could not meet

23    the B criteria of 12.04, finding that plaintiff was mildly

24    limited in activities of daily living, moderately limited in

25    social functioning, and moderately limited in concentration,

1    persistence, and pace with no episodes of extended duration

2    of decompensation.  He found that the C criteria were not

3    met.

4         After applying a credibility analysis and

5    concluding that plaintiff's subjective claims were not fully

6    credible, the ALJ determined that the plaintiff retains the

7    residual functional capacity or RFC to perform all work, work

8    at all exertional levels with the following mental

9    limitations:  He remains capable of understanding,

10   remembering, and carrying out simple one-two-step tasks, can

11   accept instructions from supervisors, and relate

12   cooperatively with coworkers but only superficial contact

13   with the public, occasional decision making, no

14   confrontation, negotiation, or responsibility for safety of

15   others or fast-paced production line tasks.

16        Applying that RFC, the ALJ concluded plaintiff

17   cannot perform his past relevant work as a security guard, a

18   dairy farm worker, a wrecking mechanic, and a logging

19   equipment mechanic.

20        He then consulted with a vocational expert who

21   opined that, despite his limitations, plaintiff is capable of

22   performing as a cleaner/housekeeper, a laundry laborer, and a

23   cleaner, either industrial or commercial.

24        As you know, my task is limited, scope of review is

25   highly deferential.  I must determine whether the

1    Commissioner applied the correct legal principles and his

2    determination is supported by -- I'm sorry, her determination

3    is supported by substantial evidence.

4            In this case, at step two, plaintiff argues that

5    the administrative law judge should have concluded that

6    plaintiff suffers from additional severe conditions including

7    traumatic brain injury, post-concussion syndrome, cognitive

8    disorder, mood disorder, and personality change.  As you

9    know, the test at step two is fairly de minimus but plaintiff

10   retains the burden.  The burden is to show that the

11   condition, and it is important that it is not the condition

12   that counts but the resulting limitations from the condition.

13   The condition must significantly limit the ability to do

14   basic work activities.

15           In this case, I'm -- I, even if I were to agree

16   with the plaintiff, the error would be harmless because the

17   administrative law judge did find a severe impairment and

18   proceeded to step three.

19           Of course, the crucial question is whether at the

20   RFC level and steps four and five, the administrative law

21   judge considered the effect of all of plaintiff's

22   impairments, severe and nonsevere.

23           In terms of the physical components of the RFC,

24   Dr. Ganesh's consultative exam report adequately provides

25   substantial evidence for any exertional requirements of the

1    RFC.  In terms of the listings, plaintiff has raised an

2    argument that Listings 12.02, 12.06, 12.08 should have been

3    considered, but each of those requires a satisfaction of the

4    B criteria and the ALJ concluded that the B criteria could

5    not be met when he considered 12.04.

6         The plaintiff also could not meet the C criteria,

7    and those also must be shown with respect to those listings,

8    so I don't find any error.  Even if the ALJ were to conclude

9    that those additional mental conditions at step two were

10   severe, I don't find any error at step three.

11        The RFC is I think where the rubber meets the road

12   here and this is definitely a close case.  There is a duty to

13   develop the record.  The question is are there any gaps in

14   the record.  The record was left open to obtain medical

15   source statements from Dr. Davis and it was not done.  I'm

16   not sure that there was a gap here that the administrative

17   law judge should have filled but it certainly would have been

18   helpful to meaningful judicial review to have a consultative

19   exam report or a medical source statement that would

20   demonstrate, given his cognitive limitations, what plaintiff,

21   what limitations he had in performing work-related functions.

22        Let me skip down to credibility, then we'll circle

23   back.  I think the ALJ properly, in determining credibility,

24   applied the required two-step analysis.  He considered

25   plaintiff's evidence of robust daily activities, the clear

1    evidence of exaggeration to health care providers to obtain

2    Disability Insurance benefits as a revenue stream.  At page

3    610 he told Dr. Seigers on March 13th, 2013 he was there to

4    get disability.  At page 614 again he asked for disability.

5    The doctor stated that he could not identify any disability.

6    At page 619 he stated his intention was, to Dr. Raja,

7    R-a-j-a, to get financial help through disability benefits,

8    and the record is replete with references to that.  487, 488,

9    489, Dr. Davis is told the same thing, that plaintiff

10   believes he is disabled.  And of course there is the question

11   of the declining of neurocognitive rehabilitation.

12           But overall, considering the record, I agree with

13   plaintiff's counsel that there is apparently a mistaken

14   belief by the administrative law judge at page 26 that

15   plaintiff's, according to Dr. Davis, plaintiff's condition

16   was static and did not deteriorate from 2011 to 2013.  That's

17   clearly wrong, according to Dr. Davis' May 2013 report which

18   shows slippage in specific areas and the GAF of 44 as I

19   indicated previously, and so I think this is a case that

20   should be remanded.  I don't find, I don't find clear

21   evidence of disability, I think the jury is out as to whether

22   Mr. Denslow can meet the requirements of demonstrating

23   disability, but I don't think Administrative Law Judge

24   Flanagan, with due respect to him, provided a very clear

25   explanation of his rejection of Dr. Davis' conclusions, and I

10

1    think that the matter ought to be remanded.

2         So I will grant judgment on the pleadings to the

3    plaintiff and remand the matter to the Commissioner for

4    further consideration without a directed finding of

5    disability.  Thank you both for excellent presentations, hope

6    you have a good day.

7         MS. CALENZO:  Thank you, your Honor.

8         MR. BENSON:  Thank you very much, your Honor.

9              (Proceedings Adjourned, 2:40 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1                      C E R T I F I C A T I O N

2

3

4           I, JODI L. HIBBARD, RPR, CRR, CSR,

5     Official Court Reporter in and for the United States

6     District Court, Northern District of New York, DO

7     HEREBY CERTIFY that I have listened to and

8     transcribed the foregoing proceedings and that the

9     foregoing is a true and correct transcript thereof

10    to the best of my ability.

11

12

13

14

15

16

17                                    s/Jodi L. Hibbard

18                             _____

19                             JODI L. HIBBARD, RPR, CRR, CSR
                               Official U.S. Court Reporter

20

21

22

23

24

25